UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MOHAMED M. EL KHARCHY,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondent.

Case No. 2:26-cv-03132-TLF

ORDER DIRECTING RESPONSE TO MOTION, SUPPLEMENTAL BRIEFING, AND RE-NOTING RESPONSE TO PETITION

Petitioner Mohamed M. El Kharchy proceeds pro se in this 28 U.S.C. § 2241 immigration habeas action. Upon petitioner's filing of his petition in this action the Court issued a scheduling order directing respondents to file a response by September 18, 2026, and for petitioner to file a reply by October 2, 2026.

On September 30, 2026, the Court received a "motion to request mailing evidence and treat my petition as unopposed and order my immediate release." Dkt. 12. In the motion, petitioner states that as of September 28, 2026, he had not yet received respondents' response to his petition and as such was unable to file a traverse by the deadline. *Id.* Petitioner requests that the Court direct respondents to provide proof of mailing of the response with the date, time and tracking number to the Court and to petitioner. *Id.* Petitioner argues that if there is evidence the respondents deliberately delayed in sending the response, his petition should be treated as unopposed, and his immediate release should be ordered. *Id.*

On October 5, 2026, petitioner filed a traverse. Dkt. 13. However, it is unclear from the traverse whether petitioner received and was responding to respondent's response to the petition, or whether he simply filed a traverse reiterating the claims of his petition in order to comply with the Court's deadlines. Respondent did not file a response to petitioner's "motion to request mailing evidence and treat my petition as unopposed and order my immediate release" and the deadline to do so has now passed. Dkt. 12.

Furthermore, upon reviewing the current record the Court finds additional briefing is necessary to decide the petition. The record shows petitioner was originally issued a Notice to Appear ("NTA") in 2023 charging him as removable under INA 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i) (as a noncitizen present in the United States who has not been admitted or paroled) and was released on an OREC. Petitioner subsequently crossed the border into Canada where he remained for several months. Petitioner was detained on March 25, 2026, by U.S. Border Patrol agents shortly after crossing the border back into the United States. The record shows petitioner was issued a Notice and Order of Expedited Removal, charging petitioner as inadmissible under INA 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I) (as an immigrant who at the time of application for admission is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General) based upon his entry into the United States from Canada.

There is no indication in the record that the Expedited Removal Order was ever executed or further pursued.

Rather, the record shows that petitioner subsequently made several appearances in removal proceedings in immigration court and that on August 4, 2026, the immigration judge ("IJ") issued an order finding petitioner removable under INA 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and denying his applications for relief. This order, which petitioner has now appealed to the Board of Immigration Appeals ("BIA"), appears to be based upon petitioner's charge under the original 2023 NTA, not based upon his subsequent entry into the country from Canada.

Accordingly, respondents are directed to clarify the status of petitioner's expedited removal proceedings. Respondents should further clarify whether petitioner's active removal proceedings, and the grounds for his detention, are based upon his original entry into the country and his original NTA, or his subsequent entry into the country from Canada, and, if the former, why the Court should consider petitioner mandatorily detained if respondents have only pursued his removal under the original NTA. *See, e.g., Dieng v. Mullin*, No. 2:26-CV-01336-TLF, 2026 WL 1469601, at *1 (W.D. Wash. May 26, 2026); *Z.A. v. Hermosillo*, No. C26-144RSM, 2026 WL 538455, at *1 (W.D. Wash. Feb. 26, 2026); *S.K. v. Hermosillo*, No. 2:26-CV-00789-TLF, 2026 WL 936458, at *1 (W.D. Wash. Apr. 7, 2026).

Accordingly, the Court hereby ORDERS:

(1) Respondents are directed to serve and file a response to petitioner's "motion to request mailing evidence and treat my petition as unopposed and order my immediate release" (Dkt. 12), including proof of service of the response to the

petition – which was purportedly served by certified mail – by **October 20, 2026**. Respondents are also directed to serve a copy of the response to the petition on petitioner **immediately**.

(2) Petitioner may file a reply to the motion by **November 12, 2026**, and should clarify therein whether he did, in fact receive respondents' response to the petition and whether his traverse was based on that response.

(3) Respondents are directed to serve and file a supplemental response to the petition – addressing the issue outlined above – by **October 22, 2026**.

(4) Petitioner may file a supplemental traverse by **November 12, 2026**.

(5) The Clerk is directed to re-note the motion (Dkt. 12) and the response to the petition (Dkt. 9) to **November 12, 2026**.

(6) The Clerk shall provide a copy of this order to petitioner and counsel for respondents.

Dated this 16th day of October, 2026.

Theresa L. Fricke
United States Magistrate Judge